```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**GENTRY BOLTON,**

                    **Petitioner,**

       v.                                       **CASE NO. 05-3417-SAC**

**DAVID R. MCKUNE, et al.,**

                    **Respondents.**

## O R D E R

This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C. 2254 filed pro se by a prisoner incarcerated in Lansing Correctional Facility in Lansing, Kansas. Having reviewed petitioner's limited financial resources, the court grants petitioner's motion for leave to proceed in forma pauperis.

Petitioner alleges constitutional error in his state court conviction on charges including first degree murder. Petitioner cites his direct appeal and his pursuit of post-conviction relief in a motion filed under K.S.A. 60-1507. It appears, however, that petitioner's appeal in that post-conviction proceeding is still pending before the Kansas Supreme Court.

It is settled that a federal court generally should not review habeas corpus claims until a state prisoner exhausts available state court remedies. <u>Rose v. Lundy</u>, 455 U.S. 509 (1982), <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971). *See also* 28 U.S.C. 2254(habeas application by person in custody pursuant to state court judgment is not to be granted unless it appears the

applicant has exhausted state court remedies, or that such remedies are unavailable or ineffective under the circumstances). 28 U.S.C. 2254(b)(1). An application filed prior to a petitioner's full exhaustion of state court remedies is thus subject to being dismissed without prejudice to allow petitioner to satisfy this requirement. <u>Demarest v. Price</u>, 130 F.3d 922, 939 (10th Cir. 1997).

Accordingly, petitioner is directed to supplement the petition to show the status of his post-conviction appeal before the Kansas Supreme Court, and if that appeal is still pending, to show cause why the instant petition should not be dismissed without prejudice.[1]

---

[1] The court does not decide whether the instant petition is filed within the one year limitation period imposed by 28 U.S.C. 2244(d)(1).

It appears the one year period began running in October 2002 upon completion of petitioner's direct appeal. *See* <u>Locke v. Saffle</u>, 237 F.3d 1269 (10th Cir. 2001)("direct review" in 28 U.S.C. 2244(d)(1)(A) includes period in which petitioner can file a petition for a writ of certiorari from United States Supreme Court, whether or not such a petition is filed). Approximately four months and two weeks later petitioner filed his post-conviction motion in the state district court on February 26, 2003, and thereby tolled the running of the one year limitation period. *See* 28 U.S.C. 2244(d)(2)(statutory tolling).

Petitioner is advised that if he filed no post-judgment motion or timely notice of appeal in his post-conviction action, that action became final - and tolling of the running of limitation period ceased - in July 2003 upon expiration of the time for filing a notice of appeal in that post-conviction proceeding. Accordingly, the approximate seven months and two weeks remaining in the one year limitation period would have resumed running and would have expired prior to petitioner's May 2004 filing of a motion for leave to file an out of time appeal. *See* <u>Gibson v. Klinger</u>, 232 F.3d 799 (10th Cir. 2000)(in out of time state post-conviction appeal the limitation period is tolled only from filing date of application for leave to appeal out of time).

IT IS THEREFORE ORDERED that petitioner is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that petitioner is granted thirty (30) days to address petitioner's exhaustion of state court remedies as directed by the court.

**IT IS SO ORDERED.**

DATED:  This 1st day of November 2005 at Topeka, Kansas.


　　　　　　　　　　　　　　　　　　s/ Sam A. Crow
　　　　　　　　　　　　　　　　　　SAM A. CROW
　　　　　　　　　　　　　　　　　　U.S. Senior District Judge

---